## SETTLEMENT AGREEMENT AND GENERAL RELEASE

Polark, Ltd. d/b/a Sarpino's Pizzeria ("Polark"), Arkpol, Ltd. d/b/a Sarpino's Pizzeria ("Arkpol"), Arkadiusz Szulik ("Szulik"), and Armando Minon and Johanna Rivera, and their heirs, executors, administrators, successors, and assigns ("Minon," "Rivera," or collectively "Employees") (together with Polark, Arkpol, and Szulik, the "Parties"), enter into the following Settlement Agreement and General Release ("Agreement"):

WHEREAS, on February 17, 2016, Minon and Rivera filed a First Amended Complaint in the United States District Court for the Northern District of Illinois, Eastern Division (the "Court") against Polark, Arkpol, and Szulik alleging violations of the Fair Labor Standards Act ("FLSA") and Illinois Minimum Wage Law ("IMWL") and through which Minon and Rivera sought to recover damages on behalf of themselves and on behalf of a class and collective comprised of other individuals allegedly similarly situated to them (the "Lawsuit");

WHEREAS, Polark, Arkpol, and Szulik deny that Minon and Rivera are owed any amounts under the FLSA or IMWL and further deny that Minon and Rivera could assert claims on behalf of a class or collective;

WHEREAS, the Parties to this Agreement desire to fully and finally resolve all claims that Minon and Rivera have or may have against Polark, Arkpol, or Szulik;

NOW THEREFORE, in consideration of the mutual promises and covenants contained herein, and for other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties agree as follows:

1. **Consideration.** In consideration for Minon's and Rivera's promises under this Agreement, and complying with its terms, Polark agrees to pay Minon, Rivera, and their attorneys the total amount of Twenty Thousand Dollars ($20,000.00) ("the Settlement Sum") to be distributed as follows:

    (a)  A check made payable to Minon in the gross amount of Two Thousand Eight Hundred and Twenty Eight Dollars and 75/100 Cents ($2,828.75), less withholdings required by law ("Back Wages");

    (b)  A second check made payable to Minon in the gross amount of Two Thousand Eight Hundred and Twenty Eight Dollars and 75/100 Cents ($2,828.75), less withholdings required by law, to be reported on a 1099 Misc. Form ("Liquidated Damages");

    (c)  A check made payable to Rivera in the gross amount of Two Thousand Eight Hundred and Twenty Eight Dollars and 75/100 Cents ($2,828.75), less withholdings required by law ("Back Wages");

    (d)  A second check made payable to Rivera in the gross amount of Two Thousand Eight Hundred and Twenty Eight Dollars and 75/100 Cents ($2,828.75), less withholdings required by law, to be reported on a 1099 Misc. Form ("Liquidated Damages");

(e) A check for Minon's attorney's fees, costs and expenses payable to the Consumer Law Group, LLC, 6232 North Pulaski, Suite 200, Chicago, Illinois 60646, in the gross amount of Four Thousand Three Hundred and Forty Two Dollars and 50/100 Cents ($4,342.50), less withholdings required by law, to be reported on IRS Form 1099s in accordance with IRS regulations ("Attorney's Fees").

(f) A check for Rivera's attorney's fees, costs and expenses payable to the Consumer Law Group, LLC, 6232 North Pulaski, Suite 200, Chicago, Illinois 60646, in the gross amount of Four Thousand Three Hundred and Forty Two Dollars and 50/100 Cents ($4,342.50), less withholdings required by law, to be reported on IRS Form 1099s in accordance with IRS regulations ("Attorney's Fees").

The consideration set forth above shall be provided to the Consumer Law Group, LLC within fourteen (14) days after Minon and Rivera deliver all of the following documents to counsel for Polark, Arkpol, and Szulik:

(1) a copy of this Agreement executed by Minon and Rivera and not revoked by Minon and Rivera;

(2) a completed Form P-1 Reasonable Cause Affidavit from Minon;

(3) a completed Form P-1 Reasonable Cause Affidavit from Rivera;

(4) a completed W-9 form from Minon and Rivera's attorneys; and

(5) an order entered by the Court approving this Agreement in accordance with Paragraph 6 below.

Polark, Arkpol, and Szulik make no representations concerning the taxability of the Settlement Sum, and Minon and Rivera agree that they have not relied on such representations. Polark, Arkpol, and Szulik make no representations or warranties with respect to the tax consequences of the payment of any sums to Minon and Rivera under the terms of this Agreement. Minon and Rivera agree and understand that they are responsible for payment of local, state and/or federal taxes on the sums paid hereunder by Polark and any penalties or assessments thereon. In the event of any assessment by any taxing authority in connection with these payments, Minon and Rivera shall fully indemnify Polark, Arkpol, and Szulik for any costs, fees, taxes, penalties or interest assessed together with any costs or attorneys' fees incurred by Polark, Arkpol, and Szulik for any tax obligations owed by Minon and Rivera in connection with this settlement and for any costs or attorneys' fees incurred by Polark, Arkpol, and Szulik to enforce this indemnification agreement with Minon and Rivera.

2. **No Consideration Absent Execution of this Agreement.** Minon and Rivera understand and agree that they and their attorneys would not receive the monies and/or benefits specified in Paragraph 1 above, except for their execution of this Agreement and the fulfillment of the promises contained herein.

3. **General Release of All Claims by Minon and Rivera.** Minon and Rivera knowingly and voluntarily release and forever discharge Polark, Arkpol, Szulik, and any and all owners or

shareholders of Polark and Arkpol, and their current and former employees, attorneys, officers, directors, subsidiaries, divisions, predecessors, insurers, successors and assigns, including both individually and in their business capacities (collectively referred to throughout the remainder of this Agreement as "Releasees"), of and from any and all claims, known and unknown, asserted or unasserted, which Minon and Rivera have or may have against the Releasees as of the date of execution of this Agreement, including, but not limited to any claims related to their employment or separation of employment from Polark and Arkpol and any claims based on the following:

- Title VII of the Civil Rights Act of 1964;
- Sections 1981 through 1988 of Title 42 of the United States Code;
- The Employee Retirement Income Security Act of 1974 ("ERISA") (except for any vested benefits under any tax qualified benefit plan);
- The Immigration Reform and Control Act;
- The Americans with Disabilities Act of 1990;
- The Older Workers Benefit Protection Act ("OWBPA");
- The Age Discrimination in Employment Act of 1967 ("ADEA");
- The Worker Adjustment and Retraining Notification Act;
- The Fair Credit Reporting Act;
- The Family and Medical Leave Act;
- The Fair Labor Standards Act ("FLSA");
- The Equal Pay Act;
- The Uniformed Services Employment and Reemployment Rights Act;
- The Illinois Human Rights Act;
- Any Illinois statutory law regarding retaliation/discrimination for filing a workers' compensation claim;
- The Illinois common law claim for retaliation for filing a workers' compensation claim;
- The Illinois Equal Pay Act;
- The Illinois Equal Wage Act;
- The Illinois Wage Payment and Collection Act;
- The Illinois Minimum Wage Law;
- The Illinois One Day Rest in Seven Act;
- The Illinois Eight Hour Day Act;
- The Illinois Family Military Leave Act;
- The Illinois Worker Adjustment and Retraining Notification Act;
- The Illinois Health and Safety Act;
- The Illinois Whistleblower Act;
- The Illinois School Visitation Rights Act;
- The Illinois AIDS Confidentiality Act;
- Illinois Right to Privacy in the Workplace Act;
- The Illinois Genetic Information Privacy Act;
- The Illinois Personnel Record Review Act;
- The Illinois Victims' Economic Safety and Security Act;
- Smoke Free Illinois Act;
- Cook County Human Rights Ordinance;
- any other federal, state or local law, rule, regulation, or ordinance;

3

- any public policy, contract, tort, or common law; or
- any basis for recovering costs, fees, or other expenses including attorneys' fees incurred in these matters.

Minon and Rivera are not waiving any rights they may have to: (a) their own vested accrued employee benefits under Polark's or Arkpol's health, welfare, or retirement benefit plans; (b) benefits and/or the right to seek benefits under applicable workers' compensation and/or unemployment compensation statutes; (c) pursue claims which by law cannot be waived by signing this Agreement; and/or (d) enforce this Agreement.

4. **Acknowledgments and Affirmations**. Minon and Rivera affirm that Minon and Rivera have not filed, caused to be filed, or presently are a party to any claim, complaint, or action against Polark, Arkpol, or Szulik in any forum or form other than the Lawsuit.

Minon and Rivera also affirm that Minon and Rivera have been granted any leave to which Minon and Rivera were entitled under the Family and Medical Leave Act or state or local leave or disability accommodation laws.

Minon and Rivera further affirm that Minon and Rivera have no known workplace injuries or occupational diseases.

Minon and Rivera acknowledge that they are solely responsible for any liens made in connection with any services performed on their behalves by any attorney, consultant, health care providers or other third parties.

Minon and Rivera further acknowledge and agree that they will indemnify the Releasees for any and all costs any of them incur as a result of any claims made by attorneys, consultants, health care providers or other third parties to recover monies from the amounts payable to Minon and Rivera under this Agreement.

5. **Return of Property.** Minon and Rivera affirm that they have returned all of Polark's, Arkpol's, and Szulik's property, documents, and/or any confidential information in Minon's or Rivera's possession or control. Minon and Rivera also affirm that they are in possession of all of their property that they had at Polark's and Arkpol's premises and that Polark, Arkpol, and Szulik are not in possession of any of Minon's or Rivera's property.

6. **Submission to Court for Purposes of Approval of Settlement**. The Parties intend for Minon and Rivera to waive any and all claims they may have against the Releasees from the beginning of time up to and including the date on which Minon and Rivera sign this Agreement, including claims under the FLSA and IMWL and therefore desire that this Agreement be approved by the Court. Accordingly, the Parties agree to the following:

(a) Following execution of this Agreement, Minon and Rivera will cause their attorney to file a Joint Motion for Approval of Settlement and Dismissal of Claims ("Joint Motion");

(b) Drafts of the Joint Motion and a proposed order are attached to this Agreement as Attachments A and B and incorporated herein;

4

(c) In the event the Agreement is not approved by the Court, this Agreement shall be null and void and no payments shall be made pursuant to the Agreement.

7. **Governing Law and Interpretation.** This Agreement and General Release shall be governed in accordance with the laws of the State of Illinois without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement and General Release, either party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

8. **Nonadmission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by the Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

9. **Amendment**. This Agreement may not be modified, altered or changed except in writing and signed by all Parties wherein specific reference is made to this Agreement.

10. **Costs and Attorney's Fees**. Except to the extent stated in Paragraph 1 of the Agreement, each Party to the Agreement shall bear their own costs and attorney's fees associated with this dispute, as well as the negotiation and preparation of the Agreement.

11. **Fair Meaning**. The language of all parts of this Agreement shall in all cases be construed as a whole according to fair meaning, and not strictly for or against any of the Parties, regardless of who drafted it.

12. **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties, and fully supersedes any prior agreements, understandings or obligations between the Parties pertaining to the subjects addressed herein. Minon and Rivera acknowledge that they have not relied on any representations, promises, or agreements of any kind in connection with their decision to accept this Agreement, except for those set forth in this Agreement.

13. **Assignment of Claims**. Minon and Rivera hereby represent and warrant that they have not assigned or transferred or purported to assign or transfer to anyone any claim, action or cause of action based upon, arising out of, or connected in any way with any of the matters released herein.

14. **Signatures.** This Agreement may be signed in counterparts, each of which shall be deemed an original, but all of which, taken together shall constitute the same instrument. A signature made on a faxed or electronically mailed copy of the Agreement or a signature transmitted by facsimile or electronic mail will have the same effect as the original signature.

**MINON AND RIVERA ARE ADVISED THAT MINON AND RIVERA HAVE UP TO TWENTY-ONE (21) CALENDAR DAYS TO CONSIDER THIS**

AGREEMENT. MINON AND RIVERA ALSO ARE ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO THE SIGNING OF THIS AGREEMENT.

MINON AND RIVERA MAY REVOKE THIS AGREEMENT FOR A PERIOD OF SEVEN (7) CALENDAR DAYS FOLLOWING THE DAY MINON AND RIVERA SIGN THIS AGREEMENT. ANY REVOCATION WITHIN THIS PERIOD MUST BE SUBMITTED, IN WRITING, TO PAWEL SALWA AND STATE, "I HEREBY REVOKE MY ACCEPTANCE OF OUR AGREEMENT." THE REVOCATION MUST BE PERSONALLY DELIVERED TO PAWEL SALWA, OR MAILED TO PAWEL SALWA AND POSTMARKED WITHIN SEVEN (7) CALENDAR DAYS AFTER MINON AND RIVERA SIGN THIS AGREEMENT.

MINON AND RIVERA AGREE THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT, DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL UP TO TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.

MINON AND RIVERA FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS MINON AND RIVERA HAVE OR MIGHT HAVE AGAINST RELEASEES.

[Remainder of page intentionally left blank]

The parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

**ARMANDO MINON**

By: _Armando Miñon Luna_
      Armando Minon

Date: _05-08-16_

**JOHANNA RIVERA**

By: _[signature]_
      Johanna Rivera

Date: _05-02-16_

**POLARK, LTD. d/b/a Sarpino's Pizzeria**

By:_____

Name:_____

Title:_____

Date:_____

**ARKPOL, LTD. d/b/a Sarpino's Pizzeria**

By:_____

Name:_____

Title:_____

Date:_____

**ARKADIUSZ SZULIK**

By:_____
      Arkadiusz Szulik

Date:_____

4813-7962-6779, v. 1

7

The parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

**ARMANDO MINON**

By: _____
      Armando Minon

Date: _____

**JOHANNA RIVERA**

By: _____
      Johanna Rivera

Date: _____

**POLARK, LTD. d/b/a Sarpino's Pizzeria**

By: _PAWEL SAWA_ /s/
Name: _PAWEL SAWA_
Title: _PRES_
Date: _04-26-16_

**ARKPOL, LTD. d/b/a Sarpino's Pizzeria**

By: _/s/_
Name: _PAWEL SAWA_
Title: _SECRETARY_
Date: _04-26-16_

**ARKADIUSZ SZULIK**

By: _____
      Arkadiusz Szulik

Date: _04-25-16_

4813-7962-6779, v. 1

7